IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/17/2012

| | |
|---|---|
| IN RE ) | |
| ) | |
| KEITH R. HINZE, ) | CASE NO. 10-80637-G3-7 |
| ) | |
| Debtor, ) | |
| ) | |
| KEITH R. HINZE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ADV. NO. 11-8017 |
| ) | |
| CHARLES K. WATKINS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

The court has considered the "Plaintiff Debtor's Motion for Summary Judgment" (Docket No. 8) and the "Defendant's Response to Summary Judgment and Notice for Cross Summary Judgment" (Docket No. 10). The court heard argument on the instant motions at a pretrial conference held on June 26, 2012. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motions. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Keith R. Hinze ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 29, 2010.

In the instant adversary proceeding, Debtor seeks damages based on Defendant's alleged violation of the Debtor's discharge.

In the instant motions, Debtor seeks summary judgment as a result of alleged deemed admissions arising from Defendant's failure to respond to discovery. Defendant seeks summary judgment on grounds Debtor cannot meet his burden of proof.

Both Debtor and Defendant support their respective motions with voluminous documents. Neither party sets forth how any of the documents relate to the party's respective argument for or against summary judgment. Among the 63 pages of documents submitted by Debtor, the only authenticated documents are one affidavit of Debtor and two affidavits of Debtor's counsel, as well as certified copies of two state court pleadings. Among the 141 pages of documents submitted by Defendant, the only authenticated document is this court's order lifting stay.

### Conclusions of Law

Rule 56(a) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.

2

Rule 56(c)(1) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(c)(1), Fed. R. Civ. P.

Rule 56(c)(4) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides that an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.  Rule 56(c)(4), Fed. R. Civ. P.

Rule 56(c)(4) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides that the court need consider only the cited materials, but it may consider other materials in the record.  Rule 56(c)(3), Fed. R. Civ. P.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact.

Sossamon v. Lone Star State of Tex., 560 F.3d 316 (5th Cir. 2009); Warfield v. Byron, 436 F.3d 551 (5th Cir. 2006).  The court views the facts and evidence in the light most favorable to the non-moving party at all times.  Campo v. Allstate Ins. Co., 562 F.3d 751 (5th Cir. 2009).

Each of the rules in the Federal Rules of Civil Procedure addressing discovery (Rule 33(a)(1), as made applicable by Bankruptcy Rule 7033, as to interrogatories; Rule 34(a) as made applicable by Bankruptcy Rule 7034, as to requests for production; and Rule 36(a)(1), as made applicable by Bankruptcy Rule 7036, as to requests for admission) provides that the parties "may serve" their respective discovery requests.

Rule 5(b)(2) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7005, governs service of pleadings and other papers.  With respect to electronic transmissions, Rule 5(b)(2)(E) provides:

> (2) Service In General.  A paper is served under this rule by:
>
>> (E) sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.

Rule 5(b)(2)(E), Fed. R. Civ. P.

In the instant adversary proceeding, nothing in the record establishes that Defendant consented in writing to receive service of discovery by electronic means.  Nothing in the record

4

establishes that the parties conferred before Debtor propounded discovery.  Additionally, none of the documents purported by Debtor to establish the facts regarding discovery matters in the instant adversary proceeding were authenticated.  The court concludes that Debtor is not entitled to summary judgment on grounds of deemed admissions.

As to Defendant's motion, the motion does not contain citations to the record to support Defendant's assertions.  Taken in a light most favorable to the non-moving party, Defendant has not established the absence of a genuine dispute, or shown that Debtor cannot produce admissible evidence to support the facts alleged.  The court concludes that Defendant is not entitled to summary judgment.

Based on the foregoing, a separate Judgment will be entered denying the "Plaintiff Debtor's Motion for Summary Judgment" (Docket No. 8) and the "Defendant's Response to Summary Judgment and Notice for Cross Summary Judgment" (Docket No. 10).

Signed at Houston, Texas on July 17, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE