

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
07/25/2016

| | |
|---|---|
| IN RE | ) |
| | ) |
| KEITH R. HINZE, | ) CASE NO. 10-80637-G3-7 |
| | ) |
| Debtor, | ) |
| | ) |
| KEITH R. HINZE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 11-8017 |
| | ) |
| CHARLES K. WATKINS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

The court has considered the "Defendant's Motion to Clarify, Alter or Amend Order Dismissing Consolidated Adversary Proceeding" (Docket No. 82) filed by Charles Watkins, pro se. Watkins filed the instant motion pro se, though he is represented by counsel of record in the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Keith R. Hinze filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 29, 2010. The Chapter 7 Trustee, Janet Casciato-Northrup, filed a report of no distribution on March 30, 2011. A discharge was entered on May 3, 2011. A final decree was entered closing the Chapter 7 case on May 3, 2011. On motion of Hinze, the Chapter 7 case was reopened, by order entered on September 27, 2011.

On October 7, 2011, Hinze filed the complaint in Adv. No. 11-8017 against Charles K. Watkins, seeking a declaratory judgment determining that the debt asserted by Watkins against Hinze was dischargeable. Hinze also sought recovery of a boat, and aought an injunction against Watkins' continuation of litigation filed in state court. Also on October 7, 2011, Watkins filed the complaint in Adv. No. 11-8018 against Hinze, seeking a determination that Hinze's debt to Watkins is excepted from discharge.

The two adversary proceeding were consolidated into the instant adversary proceeding, by order entered on October 11, 2012. The court held a final pretrial conference on August 5, 2014, and set trial for September 25, 2014.

The trial of the instant consolidated adversary proceeding was continued several times, in light of Hinze's declining medical condition. On February 4, 2016, the court

entered an order setting a status conference, in light of the court's receipt, ex parte, of media reports indicating the death of Hinze.  (Docket No. 70).

Prior to the status conference, Connie Layton, Hinze's widow, appeared, and moved to dismiss on grounds of Hinze's death.  (Docket No. 77).  The status conference was continued, first in order to allow Layton to engage counsel, and a second time in order to allow Layton's counsel to confer with Watkins' counsel.  After the second continuance, the status conference was set for June 28, 2016.

At the June 28, 2016 status conference, Eloise Guzman, counsel for Layton, announced that:  1) she had conferred with Frederick Hoelke, counsel for Watkins; 2) Hoelke did not oppose dismissal; and 3) Layton does not intend to initiate a probate proceeding, and does not intend to become a substitute party in Hinze's place in the instant adversary proceeding.  At the June 28, 2016 status conference, Watkins appeared, without his counsel Hoelke.  Watkins announced that Hoelke was unable to attend the hearing due to illness.  Watkins announced that he did not oppose dismissal of Hinze's claims against Watkins, but did oppose dismissal of Watkins' claims against Hinze.  The court granted Layton's motion to dismiss, orally by announcement at the hearing.  The court entered a written order on June 29, 2016 dismissing the above captioned adversary proceeding.  (Docket No.

80).

In the instant motion, Watkins, pro se, seeks an amendment to the dismissal order determining that his claims against Hinze were not dismissed, or alternatively, that any dismissal was without prejudice.

In the Debtor's Chapter 7 schedules, he identified and claimed as exempt the boat that is the subject of the dispute in the instant adversary proceeding. (Docket No. 15, Case No. 10-80637-G3-7).

## Conclusions of Law

The instant case presents a question of first impression as to the effect of a Chapter 7 debtor's death on a pending dischargeability proceeding. On death of a Chapter 7 debtor, the estate shall be administered, and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. Rule 1016, Fed. R. Bankr. P.

A discharge operates generally as an injunction against an action to recover a debt as a personal liability of the Debtor, 11 U.S.C. § 524(a)(2), or to collect or recover a debt from "property of the debtor...acquired after the commencement of the case." 11 U.S.C. § 524(a)(3). The discharge does not affect the liability of any other entity for on, or the property of any other entity for, a debt. 11 U.S.C. § 524(e).

This court has found no direct authority on the question of whether the death of the debtor renders moot the question of dischargeability of debt.  In <u>In re Lucio</u>, 251 B.R. 705 (Bankr. W.D. Tex. 2000), in denying a Chapter 7 trustee's motion to dismiss, the court cited to the legislative history of Section 541, which states:

> The bankruptcy proceeding will continue *in rem* with respect to the property of the estate [sic], *and the discharge will apply in personam to relieve the debtor, and his probate representative, of liability for dischargeable debts.*  (emphasis and "[sic]" in the <u>Lucio</u> opinion).
>
> The court also stated:
>
> If a bankruptcy is pending when a person dies, the only assets that go into the probate estate are the property claimed as exempt in the debtor's bankruptcy case (assuming no objections to those exemption claims are sustained) and any property acquired by the debtor after the commencement of the bankruptcy case. Conversely, the only debts for which the probate estate is liable are those incurred by the decedent after the filing of the bankruptcy petition.  <u>See</u> <u>In re Gridley</u>, 131 B.R. 447, 451 (Bankr. D.S.D. 1991).  [FN7:  In other words, 'everything up to the commencement of the bankruptcy case is handled by the bankruptcy court and everything postpetition and after death is administered by the probate court.' <u>In re Gridley</u>, 131 B.R. 447, 451 (Bankr. D.S.D. 1991).]  The result is that the deceased debtor's prebankruptcy debts are discharged in the bankruptcy, and the deceased debtor's exempt assets are passed to the probate estate free of that debt. <u>See</u> <u>In re Combs</u>, 166 B.R. 417, 420 (Bankr. N.D. Cal.1994).

<u>Lucio</u>, 251 B.R., at p. 709.

The opinion in <u>Lucio</u> is not directly on point with respect to the instant case, because it did not involve a pending dischargeability action. In <u>Lucio</u>, what was before the court was a Chapter 7 trustee's motion to dismiss. In <u>Gridley</u>, the creditors had moved to dismiss. In <u>Combs</u>, the question presented was whether the probate estate could assert exemption claims.

The instant case is significantly different from those presented in <u>Lucio</u> and the cases cited therein. In the instant case, there are disputed facts with respect to the assertion of an exception to discharge, and no person with authority to act on behalf of the debtor's probate estate (the entity which would be positioned to develop the facts with respect to such an action) is properly before this court.

Under 28 U.S.C. § 1334(c)(1), the court may abstain from hearing a particular proceeding, in the interest of justice, or in the interest of comity with State courts or respect for State law. A probate court is best situated to address the question of whether the probate estate remains liable for the debt. Any beneficiaries of the probate estate, which may include Layton, would be in a position to assert in the probate court that the debt was discharged, and to present whatever evidence and argument would support such a determination by the probate court. This court concludes that it should abstain from

consideration of Watkins' claims.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on July 25, 2016.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE